UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STEIN, an individual,<br>Plaintiff,<br>vs.<br>TRANSDEV ALTERNATIVE SERVICES, INC. ET AL, a Delaware corporation,<br>Defendant. | Case No. 2:25-cv-05236-MWC-MAR<br>**JUDGMENT ON SPECIAL VERDICT**<br>**JS-6** |

This action came on regularly for jury trial on September 8, 2026 through September 11, 2026, in Department 6A of the United States District Court, Central District of California, the Honorable Michelle Williams Court presiding. Plaintiff Daniel Stein was represented by Larry W. Lee, Kwanporn "Mai" Tulyathan, Kym Kanenaka, and Renia Zadourian. Defendant Transdev Alternative Services, Inc. was represented by Allison M. Scott and Jennifer Lee. A jury of eight persons was regularly impaneled and sworn. The trial proceeded in two phases: Phase I in which the jury considered liability, compensatory damages, and entitlement to

punitive damages and Phase II in which the jury considered the amount of punitive damages, if any, to award plaintiff.

The parties provided opening and closing statements, witnesses were sworn and testified, and exhibits were admitted into evidence. After hearing the evidence and arguments of counsel, the jury was duly instructed on the law by the Court, and the cause was submitted to the jury with directions to return a Verdict Form. The jury deliberated and thereafter returned to court with its special verdict in Phase I, to wit:

**We, the jury, answer the questions submitted to us as follows:**

**A. WHISTLEBLOWER PROTECTION**

**Disclosure of Information of a Work-Related Safety Risk (Labor Code § 1102.5)**

1. Did Daniel Stein disclose to a Transdev Alternative Services, Inc. employee with authority to investigate, discover, or correct legal noncompliance that were violations of public safety standards, California traffic laws, and occupational safety regulations, including Cal/OSHA regulations?

___X___ YES ________ NO

If you answered "YES" to Question 1 answer Question 2. If you answered "NO" to Question 1, skip to Question 8.

2. Did Daniel Stein have reasonable cause to believe that the information disclosed a violation of a state or federal statute, rule or regulation?

___X___ YES ________ NO

If you answered "YES" to Question 2 answer Question 3. If you answered "NO" to Question 2, skip to Question 8.

3. Did Transdev Alternative Services, Inc. discharge or take other adverse employment action against Daniel Stein?

___X___ YES _______ NO

If you answered "YES" to Question 3, answer Question 4. If you answered "NO" to Question 3, skip to Question 8.

4. Was Daniel Stein's disclosure of information a contributing factor in Transdev Alternative Services, Inc.'s decision to discharge or take other adverse employment action against Daniel Stein?

___X___ YES _______ NO

If you answered "YES" to Question 4 answer Question 5. If you answered "NO" to Question 4, skip to Question 8.

5. Was Daniel Stein harmed?

___X___ YES _______ NO

If you answered "YES" to Question 5 answer Question 6. If you answered "NO" to Question 5, skip to Question 8.

6. Was Transdev Alternative Services, Inc.'s conduct a substantial factor in causing Daniel Stein's harm?

___X___ YES _______ NO

If you answered "YES" to Question 6 answer Question 7. If you answered "NO" to Question 6, skip to Question 8.

7. Did Transdev Alternative Services, Inc. prove by clear and convincing evidence that Transdev Alternative Services, Inc. would have discharged or taken other adverse employment action against Daniel Stein anyway at that time for legitimate, independent reasons?

_______ YES ___X___ NO

Answer Question 8.

**Health or Safety Complaint (Labor Code § 6310)**

8. Did Daniel Stein, on his own behalf or on behalf of others, make a complaint to Athena Wong, Autonomous Vehicle Operation Supervisor, regarding unsafe working conditions?

___X___ YES ________ NO

If you answered "YES" to Question 8, answer Question 9. If you answered "NO" to Question 8, skip to Question 13.

9. Did Transdev Alternative Services, Inc. discharge or take other adverse employment action against Daniel Stein?

___X___ YES ________ NO

If you answered "YES" to Question 9, answer Question 10. If you answered "NO" to Question 9, skip to Question 13.

10. Was Daniel Stein's complaint a substantial motivating reason for Transdev Alternative Services, Inc.'s decision to discharge or take other adverse employment action against Daniel Stein?

___X___ YES ________ NO

If you answered "YES" to Question 10 answer Question 11. If you answered "NO" to Question 10, skip to Question 13.

11. Was Daniel Stein harmed?

___X___ YES ________ NO

If you answered "YES" to Question 11, answer Question 12. If you answered "NO" to Question 11, skip to Question 13.

12. Was Transdev Alternative Services, Inc.'s conduct a substantial factor in causing Daniel Stein's harm?

___X___ YES _______ NO

Answer Question 13.

**B. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**Employee's Right to Refuse Unsafe Work (Labor Code § 6311)**

13. Did Transdev Alternative Services, Inc. discharge Daniel Stein for his refusal to perform work in violation of any occupational safety or health standard where the violation would create a real and apparent hazard to the employee or their fellow employees?

___X___ YES _______ NO

If you answered "YES" to Question 13, answer Question 14. If you answered "NO" to Question 13, skip to Question 16.

14. Was Daniel Stein harmed?

___X___ YES _______ NO

If you answered "YES" to Question 14, answer Question 15. If you answered "NO" to Question 14, skip to Question 16.

15. Was the discharge a substantial factor in causing Daniel Stein's harm?

___X___ YES _______ NO

Answer Question 16.

**Retaliation for Disclosure of Working Conditions (Labor Code § 232.5)**

16. Did Transdev Alternative Services, Inc. discharge, formally discipline, or otherwise discriminate against Daniel Stein because Daniel Stein disclosed information about Transdev Alternative Services, Inc.'s working conditions?

___X___ YES ________ NO

If you answered "YES" to Question 16, answer Question 17. If you answered "NO" to Question 16, proceed to Section C: DAMAGES.

17. Was Daniel Stein harmed?

___X___ YES ________ NO

If you answered "YES" to Question 17, answer Question 18. If you answered "NO" to Question 17, proceed to Section C: DAMAGES.

18. Was the discharge a substantial factor in causing Daniel Stein's harm?

___X___ YES ________ NO

Proceed to Section C: DAMAGES.

## C. DAMAGES

If you answered NO to Question 7, <u>or</u> YES to Question 12, <u>or</u> Question 15, <u>or</u> Question 18, answer Questions 19 and 20.

If you answered YES or did not answer Question 7, **<u>and</u>** <u>answered NO or did not answer</u> Question 12, <u>and</u> Question 15, <u>and</u> Question 18, answer no further questions and sign and date this Verdict Form.

If you answered NO to Question 1, <u>and</u> Question 8, <u>and</u> Question 13, <u>and</u> Question 16, answer no further questions and sign and date this Verdict Form.

**Compensatory Damages**

19. What are Daniel Stein's compensatory damages?

a. Past Economic Loss

Lost earnings $ 73,040

b. Future Economic Loss

Lost earnings $ 137,040

c. Past Non-Economic Loss, including physical pain and mental suffering

$ 50,000

d. Future Non-Economic Loss, including physical pain and mental suffering

$ 0

Answer Question 20.

**Punitive Damages**

20. Did one or more officers, directors, or managing agents of Transdev Alternative Services, Inc. acting on behalf of Transdev Alternative Services, Inc. engage in conduct with malice, oppression, or fraud?

___X___ YES ________ NO

The case proceeded to Phase II: Punitive damages.

After hearing the evidence and arguments of counsel, the jury was duly instructed on the law by the Court, and the cause was submitted to the jury with directions to return a Verdict Form. The jury deliberated and thereafter returned to court with its special verdict in Phase II, to wit:

**We, the jury, return this unanimous answer as our verdict in this case:**

1. What amount of punitive damages, if any, do you award Plaintiff Daniel Stein from Defendant Transdev Alternative Services, Inc.?

$ 10,000,000.00

**IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT**: Judgment is entered in favor of Plaintiff Daniel Stein against Defendant Transdev Alternative Services, Inc. in the total amount of $10,260,080.00, consisting of $260,080.00 in compensatory damages and $10,000,000.00 in punitive damages. Plaintiff Daniel Stein is the prevailing party in this action. Plaintiff Daniel Stein shall be entitled to recover attorneys' fees and costs as permitted by law, which Plaintiff Daniel Stein may seek by way of noticed motion and/or appropriate post-judgment application.

**IT IS SO ORDERED**.

DATED: October 23, 2026

MICHELLE WILLIAMS COURT
United States District Judge